UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK CROUCH,

        Plaintiff,                          Case No. 1:15-cv-847

v.                                              HON. PAUL L. MALONEY

TRANSGLOBAL CO-OPERATIVE,
LLC et al.,

        Defendants.
_____/

## JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for April 29, 2016 at 10:30 a.m. before Hon. Ray Kent. Appearing by telephone will be: Phillip C. Rogers as counsel for plaintiff Mark Crouch, and defendant Belal A. Alwakeel.

1.     <u>Jurisdiction</u>: The basis for the court's jurisdiction is 15 U.S.C. § 1692k(d) (Fair Debt Collection Practices Act) and 28 U.S.C. §§ 1331 and 1337.

2.     <u>Jury or Non-Jury</u>: This case is to be tried before a jury.

3.     <u>Judicial Availability</u>:

        <u>Statement of Plaintiff</u>: Plaintiff does not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

        <u>Statement of Defendants</u>: TC is not agreeing to not having a US Court Magistrate conduct any and all further proceedings unless and until a clear definition and reasoning for this request is provided by Mr. Rogers.

4.     <u>Geographic Transfer</u>: The parties do not agree that a transfer for geographic convenience is warranted in this case.

1

5. <u>Statement of the Case</u>: This case involves:

<u>Statement of Plaintiff</u>:

In 2012 and 2013, Plaintiff Mark Crouch became financial strapped and resorted to borrowing small amounts of money (typically $300.00 per transaction) in order to make ends meet. Mr. Crouch borrowed the money via the internet from various websites. Somewhere along the way, one of the "online lead aggregators" provided Mr. Crouch's personal financial information to an entity named Hydra Financial Limited Fund ("Hydra"), which deposited several hundred dollars in Mr. Crouch's bank account without Mr. Crouch's consent. Hydra then used the deposit as a pretext to repeatedly make unauthorized withdrawals of hundreds of dollars from Mr. Crouch's bank account, forcing Mr. Crouch to close the account in order to stop Hydra from taking his money. Thereafter, Hydra sold Mr. Crouch's personal financial information to an entity named National Credit Adjusters, L.L.C. ("NCA").

In 2015, NCA provided Mr. Crouch's personal financial information to an entity named Secured Capital Management, Inc. ("SCM"), which placed multiple telephone calls to Mr. Crouch, Mr. Crouch's employer, and other third parties, and attempted to collect money from Mr. Crouch through the use of deception, extortion and other unlawful means. Mr. Crouch hired an attorney to file a lawsuit against NCA, SCM and others. In March of 2015, the dispute was resolved with pre-suit.

Despite the foregoing, in June of 2015, defendants Transglobal Co-Operative, LLC and Belal A. Alwakeel somehow acquired Mr. Crouch's stolen personal financial information and began their own efforts to collect money from Mr. Crouch that he did not owe. Specifically, in telephone conversations with Mr. Crouch, defendants falsely stated that litigation had been filed against Mr. Crouch, falsely accused Mr. Crouch of having committed bank fraud, falsely stated that Mr. Crouch owed $1,060.00, falsely claimed to be attorneys, falsely stated that Mr. Crouch was going to be brought before a judge and fined, and falsely stated that the fake debt would harm Mr. Crouch's credit for the next ten years.

Defendants have violated the FDCPA and Michigan law, entitling Mr. Crouch to an award of statutory damages, actual damages, costs and attorney fees.

<u>Statement of Defendants</u>:

In 2012 TC established debt collection operations in metro Atlanta GA. TC originally focused on collecting delinquent auto, medical and property rental agreements. In an effort to expand its portfolio of debt collection services TC ventured into the area of collecting delinquent credit card, bounced checks and

2

short term loan debt. TC found a seemingly reputable debt broker via a Google search. TC began to purchase small portfolios of delinquent accounts from this debt broker. All purchases are documented and legitimate, signed contracts and bank records will show this. TC would never have purchased stolen or compromised information had it been made aware of any impropriety on the broker's part. The broker may be part of some larger ring dealing in stolen debt and personal information, TC was not. None of the information obtained from the debt broker was modified prior to loading it into TC's debt collection software. TC has acted independently and is not part of some larger national debt abuse crime syndicate.

Mr. Alwakeel never gave instructions/ training and/ or materials to use unlawful debt collection tactics to any of TC's employees, in fact Mr. Alwakeel drove FDCPA compliance; once he was made aware of this pending matter he immediately terminated any employee in violation of the FDCPA policies, and established a rigorous compliance program. In June 2015 Mr. Alwakeel was not maintaining a regular presence in the TC office. Family and work obligations kept him away. Supporting documentation will show this.

Mr. Alwakeel has been forthcoming and cooperative w/ Mr. Rogers throughout this process. In an effort to compensate my Crouch for any inconvenience, Mr. Alwakeel offered Mr. Crouch a complete refund of any monies paid to TC as well as $1000 and full disclosure of the debt broker that sold the debt to TC. Mr. Rogers refused on behalf of Mr. Crouch. The offer still stands. The offer does not admit guilt but instead recognizes the aggravation caused to Mr. Crouch. TC would like to further settlement discussions to see if a fair and reasonable settlement can be achieved.

TC has shuttered its operation, closed its office and removed its web presence. Mr. Alwakeel is currently collecting unemployment benefits from the state of Georgia, and looking for work.

TC, LLC is the plaintiff, not Mr. Alwakeel.

6. <u>Joinder of Parties and Amendment of Pleadings</u>: The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by July 1, 2016. Plaintiff intends to require Mr. Alwakeel in discovery to disclose the name of the entity/entities that provided Plaintiff's stolen personal information to defendants so that Plaintiff then can request leave to amend the complaint to add the entity/entities as defendant(s).

7. <u>Disclosures</u> <u>and</u> <u>Exchanges</u>:

   (i) Fed.R.Civ.P. 26(a)(1) disclosures: June 1, 2016.

   (ii) The parties do not anticipate the use of expert witnesses.

   (iii) Fed.R.Civ.P. 26(a)(3) disclosures: 45 days before the close of discovery.

   (iv) The parties are unable to agree on voluntary production at this time.

8. <u>Discovery</u>: The parties believe that all discovery proceedings can be completed by November 1, 2016. The parties recommend the following discovery plan: Discovery will be needed on all allegations, claims, theories of liability, damages and affirmative defenses alleged in the Complaint and Answer. The parties recommend a limit of twenty-five interrogatories per side, twenty-five requests for admission per side, and a limit of five depositions per side. The parties do not request modification of the presumptive time limits for depositions as set forth in Fed.R.Civ.P. 30(d)(1).

9. <u>Motions</u>: The parties anticipate that all dispositive motions will be filed by December 1, 2016. The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by Rule 7.1(d).

10. <u>Alternative</u> <u>Dispute</u> <u>Resolution</u>: The parties recommend a settlement conference with a United States Magistrate Judge, to take place after the parties have had the opportunity to conduct initial discovery, and sometime in or after August 1, 2016.

11. <u>Length</u> <u>of</u> <u>Trial</u>: Plaintiff's counsel estimates the trial will last approximately four days, allocated as follows: two days for Plaintiff's case, and two days for Defendant's case.

12. <u>Prospects</u> <u>of</u> <u>Settlement</u>: The parties engaged in settlement negotiations shortly after this case was first filed but were unable to reach an agreement.

13. <u>Electronic</u> <u>Document</u> <u>Filing</u> <u>System</u>: The parties acknowledge the obligations created by Local Civil Rule 5.7(a).

Dated: April 25, 2016

/s/ Phillip C. Rogers
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
Consumerlawyer@aol.com

Dated: April 25, 2016

_____
Belal A. Alwakeel
Defendant
760 Old Roswell Road, Suite 31
Roswell, Georgia 30076
(678) 458-5477
zurri80@hotmail.com

| | |
|---|---|
| Subj: | **Re: Mark Crouch v. Transglobal Co-operative, LLC, Belal A. Alwakeel, et al** |
| Date: | 4/25/2016 12:40:26 P.M. Eastern Daylight Time |
| From: | ConsumerLawyer@aol.com |
| To: | zurri80@hotmail.com |

Dear Mr. Alwakeel:

I have revised the Joint Status Report to include the information you have provided and have attached the report to this email for your review.

I intend to file the report at 5:00 p.m. today. If you would like any additional revisions to the report, please let me know before then.

Thank you.

Phillip C. Rogers
Attorney at Law
40 Pearl Street N.W., Suite 336
Grand Rapids, Michigan 49503-3026
616.776.1176
616.776.0037 (fax)
ConsumerLawyer@aol.com

National Association of Consumer Advocates, Member www.naca.net

In a message dated 4/25/2016 11:48:12 A.M. Eastern Daylight Time, zurri80@hotmail.com writes:

> See below and let me know if there are questions. Tks.
>
> 4/21/2016
>
> RE: Case# 1:15-cv-847
>
> Mr. Rogers/ Mr. Crouch,
>
> Please see below response to Joint Status Report received 4/20/2106.
>
> Transglobal Co-Operative, LLC (TC) has complied with all requests from the court within the allotted time. TC is not in default.
>
> 3. TC is not agreeing to not having a US Court Magistrate conduct any and all further proceedings unless and until a clear definition and reasoning for this request is provided by Mr. Rogers.
>
> Statement of TC:
>
> In 2012 TC established debt collection operations in metro Atlanta GA. TC originally focused on collecting delinquent auto, medical and property rental agreements. In an effort to expand its portfolio of debt collection services TC ventured into the area of collecting delinquent credit card, bounced checks and short term loan debt. TC found a seemingly

reputable debt broker via a Google search. TC began to purchase small portfolios of delinquent accounts from this debt broker. All purchases are documented and legitimate, signed contracts and bank records will show this. TC would never have purchased stolen or compromised information had it been made aware of any impropriety on the broker's part. The broker may be part of some larger ring dealing in stolen debt and personal information, TC was not. None of the information obtained from the debt broker was modified prior to loading it into TC's debt collection software. TC has acted independently and is not part of some larger national debt abuse crime syndicate.

Mr. Alwakeel never gave instructions/ training and/ or materials to use unlawful debt collection tactics to any of TC's employees, in fact Mr. Alwakeel drove FDCPA compliance; once he was made aware of this pending matter he immediately terminated any employee in violation of the FDCPA policies, and established a rigorous compliance program. In June 2015 Mr. Alwakeel was not maintaining a regular presence in the TC office. Family and work obligations kept him away. Supporting documentation will show this.

Mr. Alwakeel has been forthcoming and cooperative w/ Mr. Rogers throughout this process. In an effort to compensate my Crouch for any inconvenience, Mr. Alwakeel offered Mr. Crouch a complete refund of any monies paid to TC as well as $1000 and full disclosure of the debt broker that sold the debt to TC. Mr. Rogers refused on behalf of Mr. Crouch. The offer still stands. The offer does not admit guilt but instead recognizes the aggravation caused to Mr. Crouch. TC would like to further settlement discussions to see if a fair and reasonable settlement can be achieved.

TC has shuttered its operation, closed its office and removed its web presence. Mr. Alwakeel is currently collecting unemployment benefits from the state of Georgia, and looking for work.

TC, LLC is the plaintiff, not Mr. Alwakeel.


*Belal Alwakeel*

---

**From:** ConsumerLawyer@aol.com <ConsumerLawyer@aol.com>
**Sent:** Thursday, April 21, 2016 5:59 PM
**To:** zurri80@hotmail.com
**Subject:** Mark Crouch v. Transglobal Co-operative, LLC, Belal A. Alwakeel, et al

Dear Mr. Alwakeel:

Attached for your review is a letter and proposed Joint Status Report that we are required to file with the Court by next Tuesday, April 26, 2016.

Thank you for your attention to this matter.

Phillip C. Rogers
Attorney at Law
40 Pearl Street N.W., Suite 336
Grand Rapids, Michigan 49503-3026
616.776.1176
616.776.0037 (fax)
ConsumerLawyer@aol.com

National Association of Consumer Advocates, Member www.naca.net